THE ST. LOUIS, KANSAS & ARIZONA RAILWAY COMPANY v. A. V. COBB.

ACTION brought by *Cobb* against the *Railway Company*, to recover for supplies furnished for the subsistence of persons working in the construction of the defendant's road. Trial at the September Term, 1880, of the Franklin district court, and judgment for the plaintiff. The defendant brings the case here.

*Mason & Meigs*, for plaintiff in error.

*A. W. Benson*, for defendant in error.

*Per Curiam:* This action was brought by A. V. Cobb against the St. Louis, Kansas & Arizona railway company, under § 1, ch. 136 of the Laws of 1872, (Comp. Laws 1879, p. 785,) to recover of the railway company for supplies furnished for the subsistence of persons working in the construction of its road. The judgment of the court below was in favor of the plaintiff and against the defendant; but it must be reversed, upon the authority of the case of *Wells v. Mehl*, ante, p. 205. The supplies were not furnished to the railway company, nor were they furnished to a contractor with the company, nor even to a sub-contractor, but to a *sub*-sub-contractor (if we may be allowed to use the expression); that is, to a person contracting and acting under a sub-contractor. Jay Gould was the contractor; Manderville, Dowling & Co., were the sub-con-

tractors; and Mastin Bros. were the sub-sub-contractors, and the persons to whom plaintiff furnished supplies.

Among the agreed facts of the case, upon which the court below rendered its judgment, are the following:

"4. It is admitted by the defendant that the plaintiff supplied said Mastin Bros., while so engaged upon said contract, with provisions and goods used by them in subsistence in carrying on said work, and that on the 22d day of March, 1880, there was a balance due the plaintiff from said Mastin Bros. of $333.16, on account of the goods and provisions so furnished incurred in carrying on said work; and said indebtedness has not been paid.

"5. It is admitted and agreed that the railway company defendant had paid Jay Gould in full, and Manderville, Dowling & Co. have been paid in full, and Manderville, Dowling & Co. paid Mastin Bros. in full, and at the times of said payments neither the railway company defendant, Jay Gould, nor Manderville, Dowling & Co., had any knowledge of the indebtedness in the petition set forth."

The statute under which this action was brought provides substantially that when a railroad company lets a contract for the construction of its road, or any part thereof, and does not take a certain kind of bond from the contractor, (and none was taken in this case,) the railroad company shall be liable to "pay all laborers, mechanics and material-men," (and it is admitted that the plaintiff is not included in this class of persons,) "and persons who supply such contractor with provisions or goods of any kind;" and the question is: Is the plaintiff included in this latter class of persons? This question we have already virtually answered in the negative, in the case of *Wells v. Mehl*, supra. The plaintiff in this case did not furnish anything to be *incorporated into the construction of the railroad itself*, which alone would place him in the first class; and he did not furnish anything *to the contractor*, which we think is requisite to place him in the second class. He simply furnished, as above stated, a *sub*-sub-contractor with provisions and other goods, for the subsistence of persons who at the most only worked in the construction of the railway.

The judgment of the court below will be reversed, upon

the authority above referred to, and judgment will be rendered in favor of the defendant below for costs.